UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RALPH D'AMBROSIO, | ) | 1:06-CV-1009 LJO JMD HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| D. SMITH, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner is currently in the custody of the Bureau of Prisons. On January 16, 1975, Petitioner was sentenced to a 12-year term for bank robbery. (Answer at 1.) He was paroled in 1981, committed another bank robbery in 1983, and was sentenced to a 20-year term for that bank robbery and use of a dangerous weapon. (Id.) Petitioner was paroled from the 1983 sentence in 1988. (Answer at 2.) Petitioner then violated his 1988 parole by, among other things, committing another bank robbery for which he received a separate sentence of 210 months in 1992. (Answer at 2-3.) After Petitioner completed serving the 1992 sentence, the Commission imposed the remainder of the 20-year sentence from 1983 based on Petitioner's violation of his parole. (Answer at 6.) Petitioner is currently serving the remainder of the 1983 sentence for bank robbery. (Answer at 1.)

On August 4, 2006, Petitioner filed the instant petition in this Court. The sole ground presented is that Petitioner is being illegally held after the expiration of his sentences. (Petition at 3.)

On November 1, 2006, Respondent filed a response to the petition.

On November 30, 2006, Petitioner filed a traverse to the response.

**FACTUAL BACKGROUND**

On January 16, 1975, Petitioner was sentenced to a 12-year term for bank robbery. (Answer, Ex. A.) He was paroled in 1981, committed another bank robbery in 1983, and was sentenced to a 20-year term for that bank robbery and use of a dangerous weapon. (Answer at 1; Ex. B.) On May 11, 1988, the Commission paroled Petitioner from the 1983 sentence with 5,387 days remaining. (Answer at 2; Ex. B at 7.)

On March 12, 1990, the Commission issued a warrant for Petitioner's arrest, charging him with failure to 1) report a change in his employment; 2) submit a supervision report; and 3) report to his probation officer as directed. (Answer at 2; Ex. D.) On March 16, 1990, a probation officer notified the Commission that Petitioner had unlawfully possessed cocaine and drug paraphernalia and that he had unlawfully used or was found to be under the influence of a controlled substance. (Answer at 2; Ex. E.) On March 27, 1990, Petitioner was convicted of possession of cocaine in the Kern County Superior Court. He received a two-year sentence. (Answer at 2; Ex. F.) On June 11, 1990, the Commission issued a supplemental warrant, adding the possession of cocaine charge to the warrant issued on March 12, 1990. (Answer at 2; Ex. G.)

On May 16, 1990, the Commission filed its warrant as a detainer while Petitioner was serving his two-year state sentence. (Answer at 2; Ex. H.) On July 23, 1990, after reviewing Petitioner's case, the Commission notified him that it would let the detainer stand and schedule a revocation hearing upon his return to federal custody. (Answer at 2-3; Ex. I.)

On May 6, 1991, the United States Marshal notified the Commission that Petitioner had been taken into federal custody on the basis of the March 12, 1990 warrant. (Answer at 3; Ex. J.) On May 9, 1991, the Marshal notified the Commission that it had received an arrest warrant for Petitioner based on a recent bank robbery and that the parole violator warrant would therefore be held as a detainer pending further instructions. (Answer at 3; Ex. K.) The Commission subsequently

ordered that Petitioner be released from custody based on the March 12, 1990 warrant and that the warrant was to be placed as a detainer. (Answer at 3; Ex. M.) On May 13, 1991, the Commission issued a second supplemental warrant against Petitioner based on the bank robbery charge. (Answer at 3; Ex. N.)

Petitioner was convicted of the bank robbery and, on March 9, 1992, the court sentenced him to a 210-month term. (Answer at 3; Ex. O.) On April 27, 1992, the Commission issued a supplemental warrant against Petitioner, reflecting that he had been convicted of the bank robbery identified in the second supplemental warrant. (Answer at 3; Ex. P.)

On September 2, 1992, the Commission notified the Bureau of Prisons that the March 12, 1990 parole violator warrant was lodged as a detainer and that BOP was not to execute the warrant until advised to do so by the Commission. (Answer at 3-4; Ex. Q.) The notification also stated that Petitioner would receive a dispositional parole revocation hearing. (Answer at 4; Ex. Q.) On October 27, 1992, the revocation hearing took place. (Answer at 4; Ex. R.) The Commission revoked Petitioner's parole and continued the case for a 15-year reconsideration hearing in October 2007. (Answer at 4-5; Exs. R-S.) Petitioner then received six interim hearings at two-year intervals in which the Commission ordered no change to its decision at the 1992 revocation hearing. (Answer at 5; Exs. T1-T6.)

On May 11, 2005, Petitioner filed an administrative appeal of the last interim hearing, arguing that he was being held beyond the term as stated in the notice of action from the 1992 revocation hearing. (Answer at 5; Ex. U.) On July 18, 2005, the Commission denied the appeal finding that Petitioner was not entitled to be released after the completion of the 210-month term imposed in 1992, as the parole violator warrant was lodged as a detainer and was to be executed upon completion of the term. (Answer at 5-6; Ex. V.)

On May 25, 2006, the Commission instructed the Bureau of Prisons to execute the parole violator warrant when Petitioner completed the sentence imposed in 1992. (Answer at 6; Ex. W.) On August 1, 2006, Petitioner completed his sentence, the parole violator warrant was executed, and the remainder of Petitioner's 20-year sentence from 1983 began to run. (Answer at 6; Ex. X.)

In the course of preparing its response to the instant petition, the Commission discovered that

Petitioner had been held in custody for 10 days in 1991 under the Commission's parole violator warrant. On October 17, 2006, the Commission dismissed, *nunc pro tunc*, the three charges against Petitioner that were identified in the original parole violator warrant. It similarly dismissed, *nunc pro tunc*, the charge for cocaine possession identified in the first supplemental warrant. The Commission elected to treat the second supplemental warrant, containing the bank robbery charge, as a "new" warrant which was filed as a detainer while Petitioner was completing the 210-month term imposed in 1992. (Answer at 6-7; Ex. Y.)

**I. Jurisdiction**

A federal prisoner challenging the manner, location, or conditions of a sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the manner of his sentence's execution. The Court therefore has jurisdiction to hear the instant claim in a habeas petition pursuant to § 2241.

**II. Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the

administrative agency an opportunity to correct errors occurring in the course of administrative proceedings."  See also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir. 1978). Because exhaustion is not required by statute, it is not jurisdictional.  Morrison-Knudsen Co. v. CHG Int'l, 811 F.2d 1209, 1223 (9th Cir. 1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."  Brown, 895 F.2d at 535.

In this case, Petitioner does not specifically state that he has exhausted his available remedies, however, he attempted to raise his claim in an administrative appeal following the last of his six interim hearings conducted in 2005.  (Answer, Exs. T6, U.)  The Court will therefore address the merits of the petition.

Further, at the time the petition was filed, Petitioner was confined at USP Atwater which is within the Fresno Division of the Eastern District of California.  The Court therefore has jurisdiction over the petition.  See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); U.S. v. Tamayo, 162 Fed.Appx. 813, 815 (10th Cir. 2006) ("[H]abeas jurisdiction attaches on the initial filing of the § 2241 petition–that is, a prisoner must file his § 2241 motion in the district where he is confined at the time of the filing.").

**III.  Review of Petitioner's Claim**

Petitioner claims that the parole violator warrant was executed either when he was taken into federal custody in 1991 following his release from state prison or when the Commission revoked his parole following the 1992 revocation hearing.  Petitioner argues that the execution of the warrant "retriggered" his 1983 sentence, causing it to run concurrently with his 1992 sentence.  Petitioner argues that both terms have now expired, leaving no basis for his continued incarceration.

The Commission is not required to take a parolee into custody at any given time, as it has the sole authority to decide when to execute a parole violation warrant.  Johnson v. Reilly, 349 F.3d

1149, 1155 (9th Cir. 2003). "[W]hen the Commission chooses to execute a violator warrant by retaking a parolee into custody under the warrant, the Commission must abide by the procedural requirements of 18 U.S.C. § 4214 and cannot avoid those requirements by withdrawing the warrant and lodging it as a detainer." Thompson v. Crabtree, 82 F.3d 312, 316 (9th Cir. 1996). However, when supplemental charges are added to the violator warrant after execution of the original warrant and detention of the parolee, a "new" warrant is issued since the detention was not based on the additional charges. The new, unexecuted warrant may properly be lodged as a detainer. Id. at 317.

Here, the second supplemental warrant containing the bank robbery charge was not issued until after Petitioner was taken into federal custody in 1991 on the basis of the three technical parole violations and the cocaine possession charge identified in the original and first supplemental warrants. The second supplemental warrant was therefore a "new" parole violator warrant, which could properly be lodged as a detainer during the pendency of Petitioner's 1992 sentence, as Petitioner was never detained on the basis of the bank robbery charge. The Commission was then free to execute the "new" warrant at the expiration of Petitioner's 1992 sentence. Further, the fact that the Commission held a parole revocation hearing for Petitioner while he was serving the 1992 sentence does not establish that the "new" parole violator warrant was effectively executed triggering the recommencement of the 1983 sentence. See Berg v. U.S. Parole Com'n, 735 F.2d 378, 378-79 (9th Cir. 1984) (finding that parole violator warrant, which had been lodged as a detainer, was not executed until the petitioner was paroled by state authorities despite the fact the Commission revoked the petitioner's parole after conducting a revocation hearing while he was serving his state sentence); see also 18 U.S.C. § 4214(b)(2) (repealed Nov. 1, 2005) (authorizing the Commission to conduct dispositional parole hearings to obtain information needed to review a detainer); 28 C.F.R. § 2.47(a), (f) (2008) (same).

Petitioner has not shown that the Commission violated its statutory authority or committed a constitutional violation by dismissing the charges in the original and first supplemental warrants and electing to treat the second supplemental warrant as a "new" warrant filed as a detainer. See Johnson v. Reilly, 349 F.3d 1149, 1155 (9th Cir. 2003) (finding no error where district court permitted the Commission to dismiss the original charges from a detainer, leaving only the post-detention,

supplemental charges which constituted a new, unexecuted warrant that was properly lodged as a detainer); Coleman v. Perrill, 845 F.2d 876, 878 (9th Cir. 1988) (stating that a federal court's review of Commission decisions is limited to whether the Commission acted outside its statutory authority or committed a constitutional violation).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 15, 2008**             **/s/ John M. Dixon**
                                     UNITED STATES MAGISTRATE JUDGE